THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ROBERT G. ATTEBERRY, Defendant-Appellant.

Third District   No. 3—89—0574

Opinion filed May 17, 1991.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Robert G. Atteberry, was convicted of reckless homicide by a jury in Will County. The defendant was charged with driving an automobile in a manner which caused the unintentional death of a passenger, Jason Tudor. The State alleged the defendant drove in excess of the speed limit and with an illegal blood-alcohol content when the vehicle hit a tree. The defendant was sentenced to 30 months' probation with six months' incarceration in the county jail and involuntary admission to a residential alcohol treatment program.

The defendant appeals his conviction and sentence. The defendant raises several issues on appeal. First, the defendant claims the trial court denied the defendant his sixth amendment right of confrontation. The trial court barred defense counsel from cross-examining the State's only eyewitness about her refusal to discuss her testimony in any way with either defense counsel or his investigator.

A defendant is constitutionally permitted to cross-examine a hostile or opposing witness regarding her bias or partiality. (*People v. Hobson* (1979), 77 Ill. App. 3d 22, 396 N.E.2d 53; *Davis v. Alaska* (1974), 415 U.S. 308, 39 L. Ed. 2d 347, 94 S. Ct. 1105.) Evidence of a witness' refusal to speak or cooperate prior to trial is proper grounds upon which to cross-examine that witness. (*People v. Timmons* (1983), 114 Ill. App. 3d 861, 449 N.E.2d 1366.) A witness has a right to refuse to be interviewed or cooperate with the other side. However, that refusal can be cross-examined in court by opposing counsel in order to demonstrate bias, hostility, prejudice, or interest. *Timmons*, 114 Ill. App. 3d at 868.

The trial court's ruling was highly prejudicial to the defendant since the witness to be cross-examined was the only eyewitness to the accident. The trial court, in this factual situation, committed reversible error by its ruling.

At the instruction conference, the trial court admitted over defendant's objection a *non-Illinois Pattern Jury Instruction* (IPI), which read as follows:

> "If you find from consideration of the evidence that the defendant was actually under the influence of alcohol at the time of

the alleged violation, such evidence shall be prima facie evidence of a reckless act."

The trial court also admitted over defendant's objection the following IPI instruction, which provided:

"If you find that the amount of alcohol in the defendant's blood as shown by a chemical analysis of his breath was .10 percent or more by weight of alcohol, you shall presume that the defendant was under the influence of [alcohol].

However, this presumption is not binding on you and you may take into consideration any other evidence in determining whether or not the defendant was under the influence of [alcohol]." Illinois Pattern Jury Instructions, Criminal, No. 23.06 (2d ed. 1981).

The defendant contends the trial court's non-IPI instruction containing a mandatory presumption of recklessness should not have been admitted for two reasons: it created an unrebuttable presumption not understood or misunderstood by the jury, and it conflicted with an admitted IPI instruction. We agree with the first ground upon which the defendant bases this contention.

■ In attempting to establish the accused's guilt, the State is entitled to present and rely on certain presumptions. However, a presumption, in order to be admissible and reliable, cannot shift the burden of persuasion from the State to the defendant. The shifting of the burden of persuasion to the defendant violates the defendant's due process rights. *Sandstrom v. Montana* (1979), 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450.

■ The instruction did not explain or define the term *"prima facie."* A juror could have misconstrued the term to mean that if the defendant was under the influence of alcohol, he was conclusively presumed to be acting recklessly. A juror would not necessarily realize the defendant could have rebutted or contradicted that presumption. A juror could have reasoned the term *"prima facie"* was a conclusive presumption shifting the burden of persuasion to the defendant. A similar situation occurred in the case of *People v. Gray* (1981), 99 Ill. App. 3d 851, 426 N.E.2d 290, where the term *"prima facie"* was used within an instruction. The court determined that term shifted the burden of persuasion to the defendant to establish that he did not know he had insufficient funds upon which to issue personal checks. The court in *Gray* held the term *"prima facie"* was also inherently ambiguous so as to cloud a juror's understanding of that term to mean it was a conclusive presumption.

Even though we are unaware of the jury's interpretation of the term, the potential prejudice created by the ambiguous and easily misunderstood term denied the defendant his due process rights, including his right to a fair and impartial trial. In addition, the term *"prima facie"* could have inferred a sufficiently strong presumption that could not have been overcome by any degree of excuse, denial, or defense presented by the defendant. The use of a non-IPI instruction such as this is *not per se* improper or misleading *provided* that a clear and comprehendible explanation accompanies such term. When using the term *"prima facie"* within an instruction, the instruction should contain an explanation of its meaning. *Gray*, 99 Ill. App. 3d at 854.

The term *"prima facie"* is defined in Black's Law Dictionary as "a fact presumed to be true unless disproved by some evidence to the contrary." (Black's Law Dictionary 1071 (5th ed. 1979).) That brief explanation or one equivalent, which is found throughout many IPI instructions, should be provided so that the jury is properly and sufficiently advised the term is rebuttable and/or can be disproved. Therefore, based upon the above-stated reasoning, this matter should be remanded for a new trial.

■ The defendant also contends that the use of the IPI Criminal 2d No. 23.06 denied the defendant a fair trial because it conflicted with the non-IPI instruction and it contained a mandatory presumption effectively shifting the burden of persuasion to the defendant. We disagree. In its entirety, the language of the IPI Criminal 2d instruction contained a sufficient explanation that the presumption was rebuttable.

According to *People v. Haas* (1990), 203 Ill. App. 3d 779, IPI Criminal 2d No. 23.06 did not create a constitutionally impermissible presumption. The language of the first paragraph of the instruction would create an impermissible presumption. However, the language of the second paragraph should have sufficiently advised the jury that the presumption contained within the first paragraph was rebuttable. Jury instructions must be evaluated as a whole, not by sentence or paragraph, or otherwise in isolation. (*People v. Housby* (1981), 84 Ill. 2d 415, 420 N.E.2d 151.) In *Haas*, the court held the jury was not bound by any presumptions contained within the instruction and the burden of persuasion was not shifted to the defendant by the use of this instruction.

The defendant raised other issues; however, since we are remanding this case for a new trial based upon the foregoing analysis, it is not necessary to address those issues since they are moot.

For the reasons indicated, the circuit court of Will County is hereby reversed, and this cause is remanded for a new trial.

Reversed and remanded for a new trial.

GORMAN and BARRY, JJ., concur.