THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THOMAS S. POMYKALA, Defendant-Appellant.

Third District No. 3—99—0715

Opinion filed October 11, 2001.—Modified on denial of rehearing December 13, 2001.

McDADE, J., specially concurring.

Carrie B. Marche (argued), of State Appellate Defender's Office, of Ottawa, for appellant.

Jeff Tomczak, State's Attorney, of Joliet (John X. Breslin and Rita Kennedy Mertel (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

The defendant, Thomas S. Pomykala, was charged with two counts of reckless homicide and one count of driving while his license was revoked. He pled guilty to the offense of driving while his licence was revoked. After a jury trial, the defendant was convicted of both counts of reckless homicide. The trial court vacated one count of reckless homicide and sentenced the defendant to a term of 14 years' imprisonment on the remaining count. The trial court also ordered that 50% of defendant's monthly income be withheld by the Department of Corrections to be remitted to the circuit clerk for application to costs. On appeal, defendant maintains: (1) that the reckless homicide statute and the accompanying jury instructions mandate a presumption of recklessness that relieves the State of its burden of proving recklessness beyond a reasonable doubt; (2) that he was denied a fair trial due

to prosecutorial misconduct in opening statements and closing arguments; (3) that his sentence of 14 years' imprisonment was excessive; and (4) that the trial court lacked authority to order 50% of his income while in prison be turned over to the circuit clerk. We find that the reckless homicide statute and the accompanying jury instructions impermissibly relieve the State of the burden of proving recklessness beyond a reasonable doubt; we reverse and remand on that basis.

The facts in the instant matter are, for the most part, not in dispute. On February 21, 1999, the defendant was driving his brown station wagon northbound on Larkin Avenue in Joliet, Illinois. The testimony of occurrence witnesses generally agreed that the defendant's car went onto the median, then into the southbound lane of traffic, and then back into the northbound lane. The testimony also established that the car appeared to maneuver so as to avoid hitting two cars. The car then entered the intersection of Larkin and McDonald, striking a car driven by Bernadine Pirc, which had been traveling southbound on Larkin. Pirc's granddaughter, Taylor Pirc, who had been seated in the backseat of Pirc's car, was killed. After hitting Pirc's car, the defendant struck a second car, traveled through a parking lot and came to a stop on McDonald.

Joliet police officer James Schnura responded to the incident. He testified to finding the defendant sitting on a bench near his parked car. Officer Schnura testified to noticing a strong odor of alcohol on the defendant's breath. The defendant told Officer Schnura that he had been having problems with the brakes on his car. The defendant was transported to the police station, where he failed a number of field sobriety tests. The defendant admitted to drinking "about 4 or 5 beers" that day. A subsequent intoxilizer test indicated that the defendant had a breath-alcohol concentration level of .21%.

Officer Jeff Fornoff, also a Joliet police officer, testified that he took pictures of the incident scene. After taking pictures, he looked inside the defendant's car and saw construction equipment, a bucket, a cooler, and approximately 18 empty beer cans. One of the photographs taken by Officer Fornoff showed a line of black liquid on the street running to a spot under the engine of the defendant's car.

Chris Bene, the auto shop manager for Joliet Community College, testified regarding the condition of the defendant's car at the time of the incident. His examination concentrated on the brakes. He testified that the brake fluid chamber was only 80% full of fluid. He also testified that the main battery feed for the brake system was disconnected, and the hydraulic pressure for the brake system was 175 psi rather than the normal level of 500 to 700 psi. Bene also noted that the main power feed fuse for the braking system was broken due to extensive

corrosion. In Bene's opinion, even if the brake system did not work properly prior to the incident, the system would have still provided 30% assistance in braking and the car should have stopped when the brake was applied, albeit with a reduced level of efficiency.

Following the State's case, the defendant made a motion for directed verdict which was denied. The defendant then rested his case, and the matter proceeded to a conference regarding jury instructions. At the conference, the State sought to tender the following nonpattern jury instruction:

> "If you find from your consideration of all the evidence that the defendant was under the influence of alcohol at the time of the alleged violation, such evidence shall be presumed to be evidence of a reckless act unless disproved by evidence to the contrary."

The defense objected to this instruction, but the trial court overruled that objection. After hearing closing arguments and being so instructed, the jury returned a verdict of guilty on both counts of reckless homicide.

■ The defendant first maintains on appeal that the reckless homicide statute under which he was convicted violates his right to due process because it mandates that the jury presume an essential element of the offense—recklessness. Specifically, the statute directs the jury that if the State proves that the defendant was intoxicated, the jury must presume that the defendant's acts were reckless unless the defendant can prove otherwise. 720 ILCS 5/9—3(b) (West 1998). The statute at issue reads:

> "In cases involving reckless homicide, being under the influence of alcohol or any other drug or drugs at the time of the alleged violation shall be presumed to be evidence of a reckless act unless disproved by evidence to the contrary." 720 ILCS 5/9—3(b) (West 1998).

■ We agree with the defendant's claim that the statute impermissibly infringes upon his right to due process. The due process clause of the fourteenth amendment of the United States Constitution requires that the State prove a criminal defendant guilty of every element of an offense beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970); *Jackson v. Virginia*, 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979). In establishing a defendant's guilt, the State may, in some instances, rely upon presumptions and inferences (*County Court v. Allen*, 442 U.S. 140, 60 L. Ed. 2d 777, 99 S. Ct. 2213 (1979)); however, such presumptions cannot relieve the State of its burden of proving each element of the offense beyond a reasonable doubt. *Sandstrom v. Montana*, 442 U.S. 510, 61 L. Ed. 2d ·39, 99 S. Ct. 2450 (1979).

■ All presumptions are said to be of two types: permissive and mandatory. *Sandstrom*, 442 U.S. at 519, 61 L. Ed. 2d at 48, 99 S. Ct. at 2456-57. A permissive presumption is one where the finder of fact is free to accept or reject the suggested presumption. *People v. Hester*, 131 Ill. 2d 91, 99 (1989). A mandatory presumption is one in which the finder of fact must presume certain facts and is not free to reject the proffered presumption. *People v. Hester*, 131 Ill. 2d 91 (1989). Our supreme court has determined that all mandatory presumptions violate a defendant's due process rights under both the Illinois and United States Constitutions. *People v. Watts*, 181 Ill. 2d 133 (1998).

■ Here, we find the statute and jury instructions clearly established a mandatory presumption. The jury was instructed that evidence that the defendant was under the influence of alcohol "shall be presumed" to be evidence of a reckless act. This mandatory presumption compelled the jury to presume that the defendant was acting recklessly when the incident occurred, thus effectively removing the burden of proving that element from the State. At that point, the burden clearly shifted to the defendant to prove that he was not acting recklessly. Such a burden shift to the defendant is always unconstitutional. *Watts*, 181 Ill. 2d at 147. In finding that the statute and jury instructions at issue constituted a mandatory presumption, we reject the State's contention that the phrase "shall be presumed *evidence of* a reckless act" (emphasis added) negates the mandatory nature of the presumption. Clearly, the phrase "shall be presumed" communicates the mandatory nature of the presumption and causes the burden of proof to shift to the defendant.

We note that the trial court in the instant matter relied upon our previous holding in *People v. Atteberry*, 213 Ill. App. 3d 851 (1991). *Atteberry* held that as long as the mandatory presumption was rebuttable, *i.e.*, the defendant could place the issue in controversy by producing evidence to the contrary, the constitutional right to due process was not violated. *Atteberry*, 213 Ill. App. 3d at 854. *Atteberry* was decided seven years before *Watts*, where our supreme court held that all mandatory presumptions are unconstitutional. We hold that *Atteberry* no longer reflects the current state of the law, having been effectively overruled by *Watts*. Accordingly, we must vacate the defendant's conviction for reckless homicide and remand for a new trial.

The defendant raised other issues; however, since we are remanding this case for a new trial, it is not necessary to address those issues since they are moot.

■ On petition for rehearing, defendant asked that this court vacate as void *ab initio* the portion of the order withholding 50% of his

prison wages for payment of costs. An order for the payment of costs by withholding from prison wages is void. *People v. Despenza*, 318 Ill. App. 3d 1155 (2001). Pursuant to *Despenza*, defendant is entitled to reimbursement of costs collected.

For the foregoing reasons, the judgment of the circuit court of Will County is reversed and the matter is remanded for a new trial. The circuit court clerk is directed to reimburse defendant for costs collected pursuant to the order of the circuit court.

Reversed and remanded with direction.

LYTTON, J., concurs.

JUSTICE McDADE, specially concurring:

I concur in the decision of the majority to reverse and remand this matter for a new trial. I write separately to acknowledge what I believe to be the technical validity of the argument raised by the State and the reason why I do not think we can adopt its reasoning.

It is well settled that a statute is presumed to be constitutional and that the party challenging it has the burden of establishing its unconstitutionality. *People v. Jung*, 192 Ill. 2d 1, 733 N.E.2d 1256 (2000). It is also well settled that a reviewing court has a duty to construe a statute in a manner that upholds its constitutionality, if that can be reasonably done. *People v. Fisher*, 184 Ill. 2d 441, 705 N.E.2d 67 (1998). We are, therefore, taxed with the responsibility of construing the reckless homicide statute (720 ILCS 5/9—3(b) (West 1998)) as constitutional if guidelines provided by the supreme court permit.

We are, however, also aware that our laws provide, and should, therefore, clearly articulate, the standards by which citizens, attorneys, and the courts determine how to conform their personal and professional conduct to the requirements of the State. *City of Chicago v. Morales*, 177 Ill. 2d 440, 687 N.E.2d 53 (1997). In the instant case, the statute provides:

> "In cases involving reckless homicide, being under the influence of alcohol or any other drug or drugs at the time of the alleged violation shall be presumed to be evidence of a reckless act unless disproved by evidence to the contrary." 720 ILCS 5/9—3(b) (West 1998).

Plaintiff points out a distinction that is consistent with the language of the statute. Specifically, the State argues that the words "evidence of" take this case out of the category of mandatory rebuttable presumptions which were found in *People v. Watts*, 181 Ill. 2d 133,

692 N.E.2d 315 (1998), to violate the due process guarantees in the state and federal constitutions. According to the State, the inclusion of the two words "evidence of," together with the word "shall," creates only a mandatory presumption that being under the influence of alcohol or drugs is *some evidence* of recklessness, not that being under the influence constitutes recklessness in and of itself.

I think we *could*, consistent with our duty to find a constitutional interpretation of the statute, appropriately accept the construction advanced by the State. But I also think that to do so requires a technical exercise of linguistic parsing that ill serves those—here trial court judges and jurors—who should be able to rely on the statute to determine their decisional obligations.

Accordingly, I concur in the decision.