No. 2--01--0751 
 

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF ) Appeal from the Circuit

ILLINOIS,
 ) Court of Winnebago

) County.

Plaintiff-Appellee, 
 )

)

) No. 99--CF--2915

)

SOUKPRASEUTH SINGMOUANGTHONG, ) Honorable

) Rosemary Collins,

Defendant-Appellant. ) Judge, Presiding.

JUSTICE GROMETER delivered the opinion of the court:

Defendant, 
Soukpraseuth Singmouangthong,
 was convicted of eight counts of reckless homicide (720 ILCS 5/9--3 (West 1998)) following a jury trial in the circuit court of Winnebago County.  The trial court imposed four concurrent sentences of 12 years' imprisonment.  Defendant now appeals.  For the reasons that follow, we affirm.

I. BACKGROUND

On October 9, 1999, at approximately 8:30 a.m., defendant was driving his car on 11th Street in Rockford when he struck a van.  The van's four occupants died as a result of the crash.  It was a foggy morning and visibility was approximately 50 feet.  Defendant was returning home from a Denny's restaurant after having breakfast there.  Defendant testified that he had spent the prior night at a birthday party at a friend's house.  He acknowledged having consumed four or five beers over the course of the night.  Defendant did not feel that he was under the influence of alcohol.  Two individuals who attended the party testified that they did not believe defendant was intoxicated.  Additionally, a paramedic who treated defendant following the accident stated that he did not detect any alcohol on defendant.  A police officer testified that he made no notation in his report that defendant appeared to be under the influence of alcohol.  A blood test, the accuracy of which was vigorously disputed by defendant, showed defendant had a serum blood alcohol level of 198 milliliters per deciliter of whole blood.  A forensic pathologist testified that such a reading would indicate that defendant's blood-alcohol content was between .158 and .174.

Defendant stated that he was traveling at approximately 40 miles per hour at the time of the accident.  Accident reconstruction evidence indicated that defendant's speed could have been from as low as 46 miles per hour to as high as 84 miles per hour.  Two eyewitnesses, who observed defendant shortly before the crash, estimated his speed at 65 to 70 miles per hour.  Additional evidence will be discussed as it pertains to the issues defendant raises.

II. ANALYSIS

Defendant raises four issues on appeal.  First, he contends that the reckless homicide statute (720 ILCS 5/9--3 (West 1998)) is unconstitutional.  Second, he asserts that the trial court erred in denying his request to present character evidence to the jury.  Third, he argues that he should have been allowed to use a chart as an exhibit during closing argument.  Fourth, he complains that the trial court refused to instruct the jury that excessive speed alone is insufficient to prove recklessness.

A. Constitutionality of the Reckless Homicide Statute

Defendant first argues that the statute he was convicted under contains an unconstitutional mandatory presumption.  Defendant contends that the presumption is not severable from the remainder of the statute and the statute is thus void.  The constitutionality of a statute is an issue that we review 
de novo
.  
People v. Carney
, 196 Ill. 2d 518, 526 (2001).

Defendant finds support for his position in the recent Third District case of 
People v. Pomykala
, 326 Ill. App. 3d 390 (2001), 
appeal
 
allowed
, 198 Ill. 2d 628 (2002).  At issue in 
Pomykala
 was whether the following portion of the reckless homicide statute created a mandatory presumption that relieved the State of its burden of proving that the defendant acted in a reckless manner: 

"In cases involving reckless homicide, being under the influence of alcohol or any other drug or drugs at the time of the alleged violation shall be presumed to be evidence of a reckless act unless disproved by evidence to the contrary.”  720 ILCS 5/9--3(b) (West 1998).

The Third District concluded that this provision compelled the jury to conclude that a defendant was acting recklessly and thus shifted the burden to the defendant to prove otherwise.  
Pomykala
, 326 Ill. App. 3d at 394.  The Third District then noted that our supreme court has held that all mandatory presumptions are unconstitutional in criminal cases.  See 
People v. Watts
, 181 Ill. 2d 133, 147 (1998).  Accordingly, the Third District vacated the defendant's conviction and remanded the matter for a new trial.  
Pomykala
, 326 Ill. App. 3d at 394.  We note that the First District has recently considered this issue and concluded that the presumption is not mandatory.  
People v. Peshak
, No. 1--01--2445 (September 20, 2002).  We agree with the analysis set forth by the Third District.

While we agree with the reasoning of the 
Pomykala
 court, we must ultimately deny defendant's request that we declare the entire statute void.  In the instant case, we are confronted with an issue that the 
Pomykala
 court did not address.  It did not expressly pass on the issue of whether the presumption is severable from the balance of the statute.  In fact, the concurrence in 
Pomykala
 seems to have taken the defendant's argument to be a facial challenge to the statute; however, the majority opinion appears to have held that the statute, in conjunction with jury instructions given in that case, was unconstitutional as applied to the defendant.  
Pomykala
, 326 Ill. App. 3d at 394-96.  Defendant asks that we, conversely, consider whether the statute is facially unconstitutional and void.

We will assume, 
arguendo
, that the presumption is facially unconstitutional, thus leaving the question of whether the presumption is severable from the remainder of the statute.  Severability is generally a question of legislative intent.  
People v. Warren
, 173 Ill. 2d 348, 371 (1996).  The relevant test for determining whether a portion of a statute is severable is

" ' "whether the valid and invalid provisions of the Act are 'so mutually "connected with and dependent on each other, as conditions, considerations or compensations for each other, as to warrant the belief that the legislature intended them as a whole * * *." ' [Citation.] The provisions are not severable if 'they are essentially and inseparably connected in substance.' [Citation.]" ' "   
People v. Watts
, 181 Ill. 2d 133, 151 (1998), quoting 
Warren
, 173 Ill. 2d at 371-72, quoting 
Fiorito v. Jones
, 39 Ill. 2d 531, 540.

A related consideration is "whether the legislature would have passed the valid portions of the statute without the invalid portions."  
Watts
, 181 Ill. 2d at 151.

Additionally, the presence or absence of a severability clause is not dispositive of whether the legislature intended a provision to be severable.  
People ex rel. Chicago Bar Ass'n v. State Board of Elections
, 136 Ill. 2d 513, 532 (1990).  Despite the absence of such a clause in a statute, a provision may still be severable under the general severability statute (5 ILCS 70/1.31 (West 1998)) or prior case law.  
Watts
, 181 Ill. 2d at 150-51.  With these principles in mind, we will now turn to the question of whether the legislature intended the presumption contained in subsection (b) of the reckless homicide statute to be severable from the rest of the statute.

We conclude that it did.  Most tellingly, we observe that subsection (a), which defines the substantive offense, was enacted in its present form by Public Act 79--679 (Pub. Act 70--679, approved September 3, 1975).  Subsequently, the presumption at issue here was added to the statute by Public Act 84--272 (Pub. Act 84--272, eff. January 1, 1986).  In 
Watts
, our supreme court found a presumption contained in a criminal statute to be severable where the presumption was added six years after the statute was originally enacted.  
Watts
, 181 Ill. 2d at 151.  Similarly, because the presumption at issue in the present case was a later addition to the statute, it is clear that the legislature did not intend the existence of the substantive offense to be dependent on the presumption.  

Furthermore, as in 
Watts
, 181 Ill. 2d at 151, the balance of the reckless homicide statute "may operate without the presumption provision, because the presumption provision operates only to ease the State's burden of prosecution."  Excising
 subsection (b) from the reckless homicide statute does nothing to render the statute unintelligible.  Subsection (a) continues to define the substantive offense.  720 ILCS 5/9--3(a) (West 1998).  Subsection (c) defines what it means to be under the influence for the purpose of the statute.  720 ILCS 5/9--3(c) (West 1998).  Subsection (d) contains general penalty provisions (720 ILCS 5/9--3(d) (West 1998)), and subsection (e) specifies heightened penalties when a defendant is convicted of reckless homicide while under the influence of alcohol or another drug (720 ILCS 5/9--3(e) (West 1998)).  No portion of the statute is rendered surplusage.  Subsection (c) retains its relevance, for it establishes when the penalties contained in subsection (e) apply.  In short, removing subsection (b) does nothing beyond eliminating the presumption that eased the State's burden of proof.  Because striking subsection (b) has so little effect on the entire statutory scheme, we cannot conclude that it is so intertwined with the rest of the statute that the legislature intended the statute to stand or fall as a whole.  Accordingly, we reject defendant's contention that the reckless homicide statute is void.

B. Reputation Evidence

Defendant next asserts that the trial court erred by barring him from introducing evidence regarding his reputation for temperance.  Generally, a defendant may introduce evidence of his or her good character insofar as it relates to a particular character trait pertinent to the charged offense.  
People v. Hall
, 159 Ill. App. 3d 1021, 1027 (1987).  Whether character evidence should be admitted is a matter lying within the sound discretion of the trial court, and we will not disturb the decision of the trial court absent an abuse of that discretion.  
People v. Reid
, 272 Ill. App. 3d 301, 309 (1995).  Further, where evidence is erroneously excluded, a defendant must establish that its exclusion prejudiced him or her in some way before the error warrants reversal.  
People v. Boshears
, 228 Ill. App. 3d 677, 691 (1992) ("It is defendant's burden to demonstrate prejudice and to establish that there was a reasonable possibility that the error, in light of all the evidence, was a material factor in his conviction, and a claim of prejudice must be founded on more than mere conjecture"); see also 
People v. Miller
, 211 Ill. App. 3d 572, 585 (1991).

While we are uncertain as to the reason for the trial court's reluctance to permit defendant to introduce this testimony, we are convinced that, although this decision may have been erroneous, it was also harmless.  We initially note that defendant's offer of proof as to the nature of the testimony he wished to introduce was quite vague.  Our supreme court has held that, "[w]here an objection is sustained to the offered testimony of a witness, an adequate offer of proof is made if counsel makes known to the trial court, with particularity, the substance of the witness' anticipated answer."  
People v. Andrews
, 146 Ill. 2d 413, 421 (1992).  A conclusory summary of a witness's anticipated summary is inadequate.  
Andrews
, 146 Ill. 2d at 421.  In the present case, counsel merely stated "reputation evidence would be presented that, although [defendant has] been seen drinking, he has a reputation of being somebody who does not go out and get drunk and drink to excess."  We conclude that this offer of proof is sufficient to preserve the issue; however, our review is somewhat hampered because of the general nature of this offer of proof.

In its brief, the State asserts that, had defendant been allowed to present this testimony, it would have been able to introduce considerable evidence that would have controverted the notion that defendant had a reputation for temperance.  The State points out that defendant's presentence investigation shows numerous arrests for underage consumption and possession of alcohol.  Additionally, the report reveals that defendant was ordered to undergo substance abuse treatment at one point.  Defendant does not respond to this argument.  Furthermore, we note that one witness stated that he had seen defendant when he had too much to drink.  The witness related that when defendant is intoxicated he gets loud and likes to sing.

It appears to us that, had defendant been allowed to introduce evidence of his alleged reputation for temperance, the State would have been able to counter it with ample contradictory evidence.  In light of defendant's vague offer of proof, it is impossible for us to conclude that the exclusion of this evidence had a material effect on the trial.  In other words, defendant has not demonstrated that he was prejudiced by the trial court's decision.

C. Use of an Exhibit During Closing Argument

Defendant next complains of the trial court's denial of his request to use two large posterboard grids during closing argument.  An accident reconstruction specialist testified that the pre-impact skid of defendant's vehicle was 15.9 feet long.  The witness also testified that the northernmost point of the skid was located 59.75 feet north of a reference point and that the southernmost point of the skid was 30 feet north of the reference point.  The witness could not answer when asked whether that meant that the skid necessarily had to be at least 30 feet long.  Defendant contends that he should have been able to use two charts during closing argument to illustrate the impossibility of this testimony to the jury.

Whether to allow counsel to use such an exhibit during closing argument is a matter within the trial court's discretion.  See 
People v. Burrows
, 148 Ill. 2d 196, 252 (1992).  Our supreme court has held that "an exhibit which merely summarizes clearly understandable testimony and thereby serves only to memorialize particular evidence should be disallowed."  
People v. Williams
, 161 Ill. 2d 1, 68 (1994); see also 
People v. Kinion
, 105 Ill. App. 3d 1069, 1077 (1982) (holding that the trial court abused its discretion in permitting the use of a chart that merely summarized matters that were understandable from oral testimony).

We find no abuse of discretion in the trial court's decision to prohibit defendant from using these exhibits.  The proposition defendant sought to illustrate during closing argument was exceedingly simple.  It does not take a chart to demonstrate that subtracting 30 from 59.75 yields a sum of 29.75.  An abuse of discretion occurs only when no reasonable person could agree with the position taken by the trial court.  
People v. Peterson
, 311 Ill. App. 3d 38, 45 (1999).  A reasonable person could easily conclude that defendant's charts were unnecessary to explain this simple proposition and that the only purpose they served was to memorialize this testimony.  Accordingly, the trial court did not abuse its discretion in barring their use.

D. Jury Instruction on Excessive Speed

Defendant's final contention is that the trial court should have instructed the jury that excessive speed, by itself, is insufficient to prove recklessness.  In support, defendant cites 
People v. Jakupcak
, 275 Ill. App. 3d 830, 838 (1995), where the Third District stated, "Excessive speed, by itself, is not sufficient to sustain a conviction of reckless homicide."  The 
Jakupcak
 court confronted the issue in the context of a challenge to the sufficiency of the evidence.  This court confronted the issue in the context of a jury instruction in 
People v. Testin
, 260 Ill. App. 3d 224, 232-34 (1994).

In 
Testin
, we held that the following instruction was overly broad and an incorrect statement of the law: " 'Driving over the speed limit does not, in and of itself, constitute "recklessness" to support conviction for reckless homicide.' " 
Testin
, 260 Ill. App. 3d at 232.  Simply stating that speeding did not constitute recklessness was misleading in that it did not convey a proper analysis of applicable law.  
Testin
, 260 Ill. App. 3d at 234.  We concluded that "[a] proper instruction would suggest that speed, combined with other factors surrounding the victim's death, would be sufficient to support a finding of recklessness."  
Testin
, 260 Ill. App. 3d at 234.  In fact, 
Jakupcak
 recognizes that excessive speed in light of circumstances surrounding an accident may constitute recklessness.  
Jakupcak
, 275 Ill. App. 3d 830.   If stating that "driving over the speed limit does not constitute recklessness" is incorrect and overly broad, then, 
a fortiori
, "driving at an excessive speed does not constitute recklessness" is also an incorrect and overly broad statement of the law.

A trial court possesses discretion to determine whether an instruction should be given to the jury.  
People v. Pinkney
, 322 Ill. App. 3d 707, 720 (2000).  In light of the foregoing, the trial court did not abuse its discretion in refusing to give defendant's tendered instruction.

CONCLUSION

Accordingly, the judgment of the circuit court of Winnebago County is affirmed.

CALLUM and 
KAPALA
, JJ., concur.