*In re* MARRIAGE OF DUSTIN MILLER, Petitioner-Appellee, and BETHANY MILLER, Respondent-Appellant.

Fourth District   No. 4—05—0286

---

Opinion filed August 17, 2005.

Richard D. Frazier, of Metnick, Cherry, Frazier & Sabin, L.L.P., of Springfield, for appellant.

Andrew C. Schnack III, of Schnack Law Offices, of Quincy, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

In this 2004 marriage dissolution proceeding between petitioner, Dustin Miller, and respondent, Bethany Miller, the trial court limited the number of witnesses each party could call at the custody hearing. The court ultimately made Dustin the custodian of the parties' two children.

Bethany appeals, arguing only that the trial court erred by limiting the number of witnesses who could testify at the custody hearing. Because Bethany failed to make an adequate offer of proof regarding what testimony her additional witnesses would provide, we affirm.

# I. BACKGROUND

Dustin and Bethany were married in July 2001. During their marriage, they had two children, Alexander (born July 12, 2001) and Madeline (born May 6, 2003). In September 2004, Dustin filed separate petitions seeking (1) to dissolve the marriage and (2) temporary custody of the parties' two children. In October 2004, Dustin and Bethany entered into an agreed order, under which the trial court granted Dustin temporary custody of the parties' two children.

In early December 2004, the trial court entered an order (1) setting the case for a February 9, 2005, hearing on custody and other issues and (2) providing that if either party wanted to call more than two witnesses at the hearing, that party would need to request a pretrial conference at least seven days prior thereto.

In late January 2005, Bethany's counsel, F. Donald Heck, Jr., filed a motion to withdraw as her counsel. On February 2, 2005, the trial court granted Heck's motion, and two other attorneys, Richard D. Frazier and Scott D. Larson, took over as Bethany's counsel. That same day, Larson filed a motion to continue the February 9, 2005, hearing. At a February 7, 2005, hearing on that motion, Larson argued that a continuance was necessary because he needed time to discuss the case with Bethany and conduct discovery. Dustin's counsel argued against the continuance, pointing out that (1) the court's December 2004 order indicated that the parties had represented that they would be ready for the February 9, 2005, hearing; (2) in late December 2004, Larson sent Heck a motion to substitute Larson as Bethany's counsel, which Heck signed and returned to Larson later that month; and (3) in mid-January 2005, Frazier filed an entry of appearance as Bethany's counsel. After considering counsel's arguments, the court denied the motion to continue.

At the start of the February 9, 2005, custody hearing, Frazier asked the trial court to reconsider its ruling on the motion to continue, so that the court could hold a pretrial conference in accordance with its December 2004 order and Bethany could request eight additional witnesses. Frazier stated, in pertinent part, as follows:

> "Your Honor, this is a custody case. Obviously[,] it's a very serious matter. We would have liked to have called 10 witnesses for the hearing today, and probably the most important witness that we—which we could have called today as a witness, although we did not allow [sic] him because we believe the 2 other occurrence witnesses were probably more important, is [Bethany's] current psychologist, Dr. Brian Heatherton. Now, the reason that would be important is the court is going to hear some issues concerning [Bethany's] mental condition, which basically [is that] she's been diagnosed as

bipolar 2, which is a less severe form of bipolar 1, but his testimony concerning her treatment and her ability to care for her children would be very important for the court to hear, I think.

We also would have other witnesses who would also be occurrence witness[es] because of, again, this court's reasonable pretrial order, but, again, it was not complied with, including a mentor and a priest of both individuals, who would give the court helpful information, Dr. Dennis Schafer, and other occurrences witnesses, such as [Bethany's] father; [Bethany's] sister, *** Sister Mary Ellen at QUANADA [(an organization that provides services for victims of domestic violence and sexual assault)], who would testify concerning some emotional and physical abuses that may have occurred during the marriage, and 2 other witnesses, Danny Reid and Monica Esela, who also could testify concerning what their observations were of the parties concerning the 2 children in this matter."

After considering counsel's argument, the trial court declined to reconsider its ruling, and the hearing proceeded. Dustin testified on his own behalf and called two witnesses, his mother and sister. Bethany testified on her own behalf and called two witnesses, her mother and a family friend. After considering the evidence, the court made Dustin the custodian of the parties' children.

This appeal followed.

## II. ANALYSIS

### A. Offers of Proof

■ When a party claims she has not been given the opportunity to prove her case because the trial court improperly barred certain evidence, she "must provide [the] reviewing court with an adequate offer of proof as to what the excluded evidence would have been." *In re Estate of Romanowski*, 329 Ill. App. 3d 769, 773, 771 N.E.2d 966, 970 (2002). An offer of proof serves two primary functions: (1) it discloses to the trial court and opposing counsel the nature of the offered evidence, thus enabling the court to take appropriate action, and (2) it provides the reviewing court with an adequate record to determine whether the trial court's action was erroneous. *People v. Thompkins*, 181 Ill. 2d 1, 10, 690 N.E.2d 984, 989 (1998).

■ The traditional way of making an offer of proof is the "formal" offer, in which counsel offers the proposed evidence or testimony by placing a witness on the stand, outside the jury's presence, and asking him questions to elicit with particularity what the witness would testify to if permitted to do so. *People v. Wallace*, 331 Ill. App. 3d 822, 831, 772 N.E.2d 785, 794 (2002); M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 103.7, at 22 (8th ed. 2004).

In lieu of a formal offer of proof, counsel may ask the trial court for permission to make representations regarding the proffered testimony. If counsel so requests, the court may—within its discretion—allow counsel to make such an informal offer of proof.

A trial court may deem an informal offer of proof sufficient if counsel informs the court, with particularity, (1) what the offered evidence is or what the expected testimony will be, (2) by whom it will be presented, and (3) its purpose. *Kim v. Mercedes-Benz, U.S.A., Inc.*, 353 Ill. App. 3d 444, 451, 818 N.E.2d 713, 719 (2004). However, an informal offer is inadequate if counsel (1) "merely summarizes the witness' testimony in a conclusory manner" (*Snelson v. Kamm*, 204 Ill. 2d 1, 23, 787 N.E.2d 796, 808 (2003)) or (2) offers unsupported speculation as to what the witness would say (*People v. Andrews*, 146 Ill. 2d 413, 421, 588 N.E.2d 1126, 1132 (1992)). In deciding whether to permit an informal offer of proof, the court should ask itself the following questions: (1) Are counsel's representations accurate and complete? and (2) Would a better record be made by requiring counsel to make a formal offer of proof, even though doing so might be inconvenient and require more time?

In addition, before deciding whether to accept counsel's representations in lieu of a formal offer, the trial court should ask opposing counsel if he objects to proceeding in that fashion, even though counsel's response in no way limits the court in exercising its discretion on this matter. If opposing counsel concedes the sufficiency of the offer or has no objection to proceeding by counsel's representations, then opposing counsel's client may not later challenge the court's decision to proceed by counsel's representations, rather than a formal offer. See *In re Detention of Swope*, 213 Ill. 2d 210, 217, 821 N.E.2d 283, 287 (2004) ("Simply stated, a party cannot complain of error which that party induced the court to make or to which that party consented"); *In re Marriage of Sobol*, 342 Ill. App. 3d 623, 630, 796 N.E.2d 183, 188 (2003) (a party forfeits the right to complain of an alleged error when to do so is inconsistent with the position the party took in the trial court).

We emphasize that a trial court is never *required* to settle for less than a formal offer of proof, whatever the positions of the parties at trial may be. Whether to do so is left entirely to the court's discretion. Thus, if the trial court is not satisfied that counsel's representations alone are sufficient, the court may require counsel to place his witnesses on the stand and make a formal offer of proof.

### B. Bethany's Failure To Make an Adequate Offer of Proof

■ Bethany argues that the trial court abused its discretion by

limiting each party to two witnesses at the custody hearing. Dustin responds, in part, that Bethany failed to make an adequate offer of proof regarding what testimony the witnesses she was not permitted to call would provide. In her reply brief, Bethany contends that at the start of the February 9, 2005, hearing, Frazier made an adequate offer of proof through his representations to the court. We disagree with Bethany's characterization of the record.

At the February 9, 2005, hearing, Frazier did not make clear to the trial court that he sought to make representations in lieu of a formal offer of proof. Thus, the court was never called upon to exercise its discretion in determining whether Frazier should be allowed to make an informal offer.

Even if we were inclined to view Frazier's remarks as indicating his wish to make an informal offer of proof, his statements to the trial court fell far short of meeting the criteria for making such an offer. He failed to inform the court, *with particularity*, (1) what the expected testimony would be or (2) its purpose. His representations constituted nothing more than conclusory descriptions of the subject matter of some of the witnesses' testimony. See *People v. Singmouangthong*, 334 Ill. App. 3d 542, 547-48, 778 N.E.2d 390, 395 (2002) (a conclusory summary of a witness's anticipated testimony is not adequate to serve as an offer of proof).

Nor was this a case in which it was apparent that the court clearly understood the nature and character of the evidence sought to be introduced. See *Dillon v. Evanston Hospital*, 199 Ill. 2d 483, 495, 771 N.E.2d 357, 365 (2002) (an offer of proof is not required when "it is apparent that the trial court clearly understood the nature and character of the evidence sought to be introduced"). Indeed, lawyers should be very hesitant to rely on the notion that "it is apparent" that the trial court clearly understands the nature and character of the evidence it is barring, thus obviating the need not only to make a formal offer of proof but also the need to discuss the issue with the court. By far, the better practice is always for counsel to discuss with the court on the record how counsel proposes to proceed regarding an offer of proof concerning evidence the court has barred. Doing so will avoid the unpleasant surprise for counsel of discovering on appeal that the reviewing court does not share counsel's view that "it is apparent" from the record that the trial court clearly understood the nature and character of the evidence at issue, despite the absence of an offer of proof.

Because Bethany failed to make an adequate offer of proof, we have no way of knowing whether the excluded testimony would have (1) been admissible in the custody proceeding or (2) mattered in the

custody determination. Thus, Bethany's failure to make an adequate offer of proof deprives this court of the resources we need to determine whether the trial court abused its discretion by limiting each party to two witnesses at the custody hearing. Given that we have no basis upon which to conclude that the court abused its discretion by limiting the number of witnesses, we affirm the court's judgment. See *Tsoukas v. Lapid*, 315 Ill. App. 3d 372, 382, 733 N.E.2d 823, 832 (2000) (noting that absent an adequate offer of proof, the reviewing court could not conclude that the trial court abused its discretion by limiting the number of expert witnesses each party could call).

## III. CONCLUSION

In closing, we commend the trial court for its December 2004 order, in which it addressed discovery and scheduling issues so as to resolve the custody issue in a timely fashion.

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

COOK, P.J., and McCULLOUGH, J., concur.