Docket No. 93089–Agenda 21–September 2002.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. THOMAS POMYKALA, Appellee.

Opinion filed January 24, 2003.

JUSTICE GARMAN delivered the opinion of the court:

Following a jury trial in the circuit court of Will County, defendant Thomas Pomykala was convicted of reckless homicide. The appellate court reversed and remanded for a new trial, holding that section 9–3(b) of the Criminal Code of 1961 (Code) (720 ILCS 5/9–3(b) (West 2000)) created an unconstitutional mandatory presumption of recklessness. 326 Ill. App. 3d 390. We granted the State’s petition for leave to appeal. 177 Ill. 2d R. 315. We now affirm the appellate court.

BACKGROUND

Defendant was charged with two counts of reckless homicide in the death of Taylor Nicole Pirc. Defendant’s car allegedly crossed the median of a divided two-way street and struck an oncoming car containing Taylor and her grandmother, Bernadine Pirc. Eyewitnesses testified that defendant was driving too fast and that his car had crossed the median more than once prior to striking the Pirc car. No skidmarks were found at the scene. Defendant told a police officer that he had been having trouble with his brakes and that they worked only 90% of the time. The officer saw a line of black liquid on the street running to a spot under the engine of defendant’s car. The officer noticed a strong odor of alcohol on defendant’s breath and he found approximately 18 empty beer cans in defendant’s car. Defendant admitted to drinking several beers that day. He failed field sobriety tests and an intoxilizer test showed that he had a breath-alcohol concentration level of  0.21%. At defendant’s trial, an auto mechanic testified that the brake fluid chamber on defendant’s car was only 80% full. The main battery feed for the brake system was disconnected and the hydraulic pressure for the system was markedly reduced. Nonetheless, the mechanic testified, defendant’s car should have had 30% braking power prior to the collision and should have stopped when the brake was applied, despite the reduced braking power. Defendant presented no evidence.

Over defendant’s objection, the trial court gave the following non-Illinois Pattern Jury Instructions (IPI) instruction to the jury, which was taken from the language of section 9–3(b) of the Code:

“If you find from your consideration of all the evidence that the defendant was under the influence of alcohol at the time of the alleged violation, such evidence shall be presumed to be evidence of a reckless act unless disproved by evidence to the contrary.”

The jury returned guilty verdicts and the trial court sentenced defendant to 14 years’ imprisonment.

The appellate court agreed with defendant that section 9–3(b) of the Code creates a mandatory presumption that violates defendant’s right to due process. The court found that the presumption unconstitutionally shifts the burden of proof to defendant to establish that he was not acting recklessly. In reaching its conclusion, the appellate court relied on a decision of this court, 
People v. Watts
, 181 Ill. 2d 133 (1998), and noted that the trial court had relied on 
People v. Atteberry
, 213 Ill. App. 3d 851 (1991), which, the appellate court stated, had effectively been overruled by 
Watts
. 326 Ill. App. 3d at 394.

ANALYSIS

The constitutionality of a statute is subject to 
de novo
 review. 
People v. Malchow
, 193 Ill. 2d 413, 418 (2000). Statutes carry a strong presumption of constitutionality and the challenging party has the burden of rebutting that presumption. 
People v. Maness
, 191 Ill. 2d 478, 483 (2000). This court has a duty to interpret a statute in a manner that upholds its validity and constitutionality if it can reasonably be done. 
People v. Fisher
, 184 Ill. 2d 441, 448 (1998).

Section 9–3(b) of the Code provides that:

“In cases involving reckless homicide, being under the influence of alcohol or any other drug or drugs at the time of the alleged violation shall be presumed to be evidence of a reckless act unless disproved by evidence to the contrary.” 720 ILCS 5/9–3(b) (West 2000).

A presumption is a legal device that permits or requires the fact finder to assume the existence of an ultimate fact, after certain predicate or basic facts have been established. 
Watts
, 181 Ill. 2d at 141. While due process requires that the State prove every element of an offense beyond a reasonable doubt (
In re Winship
, 397 U.S. 358, 364, 25 L. Ed. 2d 368, 375, 90 S. Ct. 1068, 1073 (1970)), the State may be entitled to rely on certain presumptions or inferences. These devices “play a vital role in the expeditious resolution of factual questions, with the value of the presumption or inference resting on the strength of the connection between the elemental or ultimate fact presumed or inferred and the basic or evidentiary fact.” 
People v. Hester
, 131 Ill. 2d 91, 98 (1989).

Presumptions may be either permissive or mandatory. A permissive presumption allows, but does not require, the fact finder to infer the existence of the ultimate or presumed fact upon proof of the predicate fact. A mandatory presumption requires the fact finder to accept the presumption. 
Watts
, 181 Ill. 2d at 142. Mandatory presumptions may be further classified as conclusive or rebuttable. The United States Supreme Court has held that mandatory conclusive presumptions are unconstitutional, as they conflict with the presumption of innocence. 
Sandstrom v. Montana
, 442 U.S. 510, 523, 61 L. Ed. 2d 39, 50, 99 S. Ct. 2450, 2459 (1979). The Supreme Court has further held that mandatory rebuttable presumptions that shift the burden of persuasion to the defendant are 
per se
 unconstitutional, because they relieve the State of its burden to prove each element of the offense beyond a reasonable doubt. 
Sandstrom
, 442 U.S. at 524, 61 L. Ed. 2d at 51, 99 S. Ct. at 2459. In 
Watts
, this court held that mandatory rebuttable presumptions that shift the burden of production to the defendant are also unconstitutional. 
Watts
, 181 Ill. 2d at 147. Thus, under Illinois law, all mandatory presumptions are now considered to be 
per se
 unconstitutional.

The decisions of our appellate court are in conflict on the question of the constitutionality of section 9–3(b). In addition to the Third District in this case, the Second District has found the section to be unconstitutional, although severable from the remainder of the statute (
People v. Singmouangthong
, 334 Ill. App. 3d 542, 546 (2002)). In contrast, the First District has found that section 9–3(b) does not constitute a mandatory presumption (
People v. Peshak
, 333 Ill. App. 3d 1052 (2002)).

Prior to 1992, section 9–3(b) read as follows:

“In cases involving reckless homicide, being under the influence of alcohol or any other drug or drugs at the time of the alleged violation shall be prima facie evidence of a reckless act.” Ill. Rev. Stat. 1991, ch. 38, par. 9–3(b).

The General Assembly changed this language to its present form in 1991 (Pub. Act 87–1198, eff. September 25, 1992), apparently in response to the Third District’s decision in 
People v. Atteberry
, 213 Ill. App. 3d 851 (1991). See 87th Ill. Gen. Assem., Senate Proceedings, July 1, 1992, at 21-22 (statements of Senator Dart). In 
Atteberry
, the defendant was convicted of reckless homicide. The trial court gave the jury a non-IPI instruction that repeated verbatim the statutory language of the prior version of section 9–3(b), without providing a definition of the term “
prima facie.
” On appeal, the defendant challenged the instruction as creating an irrebuttable presumption of recklessness in language that was either not understood or misunderstood by the jury. The appellate court stated that a presumption cannot constitutionally shift the burden of persuasion to the defendant and that the jury could have understood the term “
prima facie
” to mean that if the defendant was under the influence of alcohol, he was conclusively presumed to be acting recklessly. The court noted the definition of “
prima facie
” given in Black’s Law Dictionary as “a fact presumed to be true unless disproved by some evidence to the contrary” (Black’s Law Dictionary 1189 (6th ed. 1990)) and suggested that this definition should be provided to the jury in its instructions. 
Atteberry
, 213 Ill. App. 3d at 854.

Subsequent to 
Atteberry
, this court, in 
Watts
, found unconstitutional a presumption contained in the Home Repair Fraud Act. The statute contained a rebuttable presumption of intent or knowledge of nonperformance if certain specified facts were established. One of the elements of the offense was a lack of intent to perform at the time of making a contract for home repair. Thus, proof of the predicate facts removed the element of intent from the case unless the presumption was rebutted by other evidence. This court held that this presumption shifted the burden of production to the defendant and that if he did not satisfy this burden, the trial court would, in effect, be required to direct a verdict against the defendant on the intent element. We noted that such a result conflicts with the well-established rule that a verdict may not be constitutionally directed against a defendant in a criminal case. 
Watts
, 181 Ill. 2d at 147.

The State argues here that the alleged presumption in this case is unlike the presumption in 
Watts
, because it does not require the fact finder to presume the existence of any element of the offense of reckless homicide. It merely tells the fact finder that it must consider the fact of intoxication as 
evidence
 
of
 a reckless act in conjunction with other evidence that may be produced on the issue of recklessness. However, even though the 1991 amendment to section 9–3(b) was intended to simply incorporate the definition of “
prima facie
 evidence,” the section is now framed in the language of a mandatory presumption. This court has interpreted the word “shall” to connote a mandatory obligation unless the statute indicates otherwise. 
People v. Thomas
, 171 Ill. 2d 207, 222 (1996). In addition, the word “presume” in this context means “to suppose to be true without proof.” Merriam-Webster’s Collegiate Dictionary 921 (10th ed. 2000).

The State argues that cases decided prior to the 1991 amendment to section 9–3(b) did not find the language of that section to constitute a mandatory presumption. Thus, since the preamended version of section 9–3(b) did not create a mandatory presumption, the legislature’s use of the definition of 
prima facie
 does not change this fact. However, in reality, the cases are in conflict on whether the preamended version of section 9–3(b) created a mandatory presumption. For example, the 
Atteberry
 court, in reversing the defendant’s conviction, noted that the jury instruction telling the jury that evidence of intoxication was “
prima facie
 evidence of a reckless act” may have led the jury to believe that evidence of intoxication established a conclusive presumption of recklessness that shifted the burden of persuasion to the defendant. 
Atteberry
, 213 Ill. App. 3d at 853.

In 
People v. Garofalo
, 181 Ill. App. 3d 972, 978 (1989), the defendant contended that section 9–3(b) created a mandatory presumption, either conclusive or rebuttable, of recklessness. The Second District held that no such presumption was created, relying on this court’s decision in 
People v. Jackson
, 118 Ill. 2d 179 (1987), 
overruled on other grounds
, 
People v. Stefan
, 146 Ill. 2d 324, 338 (1992). In 
Jackson
, a double jeopardy case, we briefly discussed the preamended version of section 9–3(b) in the context of determining whether driving under the influence of alcohol is an included offense of reckless homicide. We concluded that it was not, noting that a conviction for driving under the influence of alcohol does not conclusively establish an essential element of reckless homicide. However, we stated, the 
prima facie
 evidence of intoxication may be “rebutted” by showing that, although the defendant was under the influence of alcohol when the act occurred, the acts were not in fact performed recklessly. 
Jackson
, 118 Ill. 2d at 190-91. Further illustrating the confusion over the effect of the “
prima facie
” language of the preamended version of section 9–3(b), the Second District appeared to contradict its earlier decision in 
Garofalo
, when, in 
People v. Edmundson
, 247 Ill. App. 3d 738, 742 (1993), it noted that the reckless homicide statute “provides a rebuttable presumption that intoxication is equivalent to recklessness.”

The primary rule of statutory construction is to give effect to the intent of the legislature. 
Paris v. Feder
, 179 Ill. 2d 173, 177 (1997). The best evidence of legislative intent is the language used in the statute itself and that language must be given its plain and ordinary meaning. 
Paris
, 179 Ill. 2d at 177. The State argues that the plain language of section 9–3(b) demonstrates that it does not create an impermissible mandatory presumption because it only requires the fact finder to consider intoxication as 
evidence
 of a reckless act. According to the State, even if the defendant does not present any evidence, the fact finder may determine from other evidence presented by the State that the defendant did not act recklessly. The State also argues that section 9–3(b) acts more as a permissive presumption, permitting, but not requiring, the fact finder to conclude that a reckless act occurred. Thus, the State concludes, the appellate court here erroneously construed the phrase “evidence of a reckless act” to be equivalent to a mandated finding of recklessness and focused exclusively on that phrase, instead of reading it in concert with the concluding phrase, “unless disproved by evidence to the contrary.”

We reject this argument. To do otherwise would require an overly technical reading of the statute. Section 9–3(b) contains language of a mandatory presumption that a reasonable juror could conclude requires a finding of recklessness without any factual connection between the intoxication and the reckless act, unless this presumed connection is disproved. In fact, the language “unless disproved by evidence to the contrary” may be reasonably interpreted as requiring the defendant to rebut the presumption. Technically, of course, the rebutting evidence could come in the State’s case. But, the presumption contained in section 9–3(b) must be applied by the fact finder. Thus, the statute and jury instruction must be read from the perspective of a reasonable juror, not with the legal expertise of judges and lawyers. A reasonable juror would assume from a reading of the instruction that, once the State established that the defendant was intoxicated, it had proved recklessness, unless the defendant produced sufficient evidence to disprove it.

The State’s argument that section 9–3(b) may be read as a permissive presumption is also unavailing. A permissive presumption is illustrated by the following IPI jury instruction given in this case:

“If you find beyond a reasonable doubt that at the time the defendant drove a vehicle that the amount of alcohol concentration in the defendant’s blood or breath was 0.08 or more, you may presume that the defendant was under the influence of alcohol. You never are required to make this presumption. It is for the jury to determine whether the presumption should be drawn. You should consider all the evidence in determining whether the defendant was under the influence of alcohol.” Illinois Pattern Jury Instructions, Criminal, No. 23.30 (4th ed. 2000).

The permissive language of the quoted instruction cannot reasonably be compared to the mandatory language of the non-IPI instruction involved here. There is simply no permissive language in the latter instruction. Whether a defendant has been denied due process by a jury instruction depends upon the way in which a reasonable juror could have interpreted the instruction. 
Sandstrom
, 442 U.S. at 514, 61 L. Ed. 2d at 45, 99 S. Ct. at 2454. A reasonable juror could have interpreted the instruction here as mandating a finding of recklessness unless the defendant rebutted that presumption.

While we recognize our duty to uphold the constitutionality of statutes if it can be reasonably accomplished (
Fisher
, 184 Ill. 2d at 448), we are also mindful of the well-established principle that penal statutes are to be construed strictly in favor of the defendant (
People v. Whitney
, 188 Ill. 2d 91, 98 (1999)). We agree with Justice McDade, who stated in her special concurrence in this case that, although section 9–3(b) may be interpreted in the manner suggested by the State, to do so would require a “technical exercise of linguistic parsing that ill serves those–here trial court judges and jurors–who should be able to rely on the statute to determine their decisional obligations.” 326 Ill. App. 3d at 396 (McDade, J., concurring). Accordingly, we hold that section 9–3(b) of the reckless homicide statute creates an unconstitutional mandatory presumption of recklessness. Concomitantly, we also hold that the instruction to the jury on this issue violated defendant’s due process rights.

We next consider whether section 9–3(b) of the Code may be severed from the remainder of the reckless homicide statute. We may do so if what remains is complete in itself and is capable of being executed wholly independently of the severed portion. 
People v. Sanders
, 182 Ill. 2d 524, 534 (1998); see 5 ILCS 70/1.31 (West 2000). Section 9–3(b) states an evidentiary rule regarding the effect on the issue of recklessness of the accused being under the influence of alcohol or other drugs. Subsection (c) of the statute (720 ILCS 5/9–3(c) (West 2000)) sets forth the factors to be considered in determining whether the accused person was under the influence of alcohol or other drugs at the time of the incident. Subsections (e) and (e–5) of the statute (720 ILCS 5/9–3(e), (e–5) (West 2000)) provide for enhanced sentencing where a defendant has been determined to be under the influence of alcohol or other drugs. The excision of the unconstitutional presumption in section 9–3(b) does not impair the meaning or operation of the balance of the statute. The State may still plead and prove that the defendant was under the influence of alcohol or other drugs at the time of the alleged violation, as defined in subsection (c), and if the jury finds that the State has proved the defendant’s intoxication beyond a reasonable doubt, the sentencing provisions in subsections (e) and (e–5) are available to the trial court. Thus, we conclude that section 9–3(b) may be severed from the remainder of the statute.

For the first time on appeal, the State raises a harmless error argument, maintaining that the evidence was sufficient to convict regardless of the presumption contained in section 9–3(b) of the reckless homicide statute and the erroneous jury instruction. Specifically, the State argues that defendant’s conduct in driving his vehicle when he knew that his brakes did not work 10% of the time is “absolutely the height of recklessness.”

An error in a jury instruction is harmless if it is demonstrated that the result of the trial would not have been different had the jury been properly instructed. 
People v. Johnson
, 146 Ill. 2d 109, 136 (1991). Here, it is clear that the jury was erroneously instructed as to the presumption contained in the statute. We must determine, therefore, whether the evidence of defendant’s guilt was so clear and convincing as to render the error harmless beyond a reasonable doubt. 
People v. Dennis
, 181 Ill. 2d 87, 95 (1998).

The State charged defendant with two counts of reckless homicide. Count I alleged that defendant drove his vehicle in a reckless manner at a time when his blood-alcohol concentration was greater than 0.08. Count II alleged that defendant drove his vehicle in a reckless manner while under the influence of alcohol. At trial, the jury heard evidence of defendant’s intoxication and of his actions in driving his vehicle. The jury also heard evidence that defendant’s brakes may have malfunctioned at the time of the accident. The record also contains evidence of defendant’s knowledge that his brakes did not work properly all the time. The jury was instructed, however, that it must presume recklessness if the State proved that defendant was under the influence of alcohol at the time of his actions. This evidence was thus emphasized to the jury over other evidence heard by it during the trial. The jury convicted defendant on both counts of reckless homicide. Both counts alleged that defendant was under the influence of alcohol. Under these circumstances, we are unable to find that the error in instructing the jury on the statutory presumption was harmless error.

CONCLUSION

We affirm the judgment of the appellate court, which reversed defendant’s conviction and remanded the cause to the circuit court for a new trial.

Appellate court judgment affirmed.