THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARCELLA R. MILES, Defendant-Appellant.

Second District No. 2—02—0760

Opinion filed November 13, 2003.

316

G. Joseph Weller and R. Christopher White, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HUTCHINSON delivered the opinion of the court:

Following a bench trial, defendant, Marcella R. Miles, was convicted of the offense of possession of a counterfeit credit card (720 ILCS 250/16 (West 2002)) and sentenced to five years' imprisonment. On appeal, defendant contends that (1) her due process rights were violated because the statute under which she was convicted contains an unconstitutional mandatory presumption of intent, and (2) the statutory penalty under which she was sentenced is impermissibly disproportionate to the seriousness of the offense. We reverse and remand.

At trial the State presented evidence establishing that on March 29, 2002, Naperville police officer Brian Cunningham was contacted by Detective John McAnally regarding a credit card fraud investigation at a retail establishment near Route 59 in Naperville. McAnally asked Cunningham to maintain surveillance of a Dodge Ram van and its occupants, one of whom was defendant. During his surveillance, Cunningham observed one of the other occupants, the driver, get out of the van and walk to the edge of a parking lot. The driver went to a landscaped area, moved a rock and some mulch, and retrieved a white item.

Another officer effectuated a traffic stop of the van. As Cunningham approached the van, he observed defendant move toward the rear of the vehicle and observed her "stuff" a white plastic bag with blue lettering into a hole in the door panel. Cunningham ordered the occupants out of the vehicle and retrieved the bag that he had observed defendant put in the door panel. Inside the bag, Cunningham found six credit cards. The parties stipulated that the six credit cards retrieved from the bag in the door panel were counterfeit.

Following arguments of the parties, the trial court found defendant guilty. With respect to defendant's intent to defraud, the trial court stated:

"Why does a person have counterfeit credit cards? And that's why the statute provides it is *prima facie* evidence that the person intended to defraud if they possessed two or more cards which have been counterfeited. And the Defendant possessed six credit cards which were clearly counterfeited. She knowingly possessed those cards ***."

After a sentencing hearing, the trial court sentenced defendant to five years' imprisonment. Defendant timely appeals.

■ Defendant first contends that her conviction must be reversed because the statute under which she was convicted contains an unconstitutional mandatory presumption. Section 16 of the Illinois Credit Card and Debit Card Act (the Act) (720 ILCS 250/16 (West 2002)) provides:

"A person who, with intent to defraud either a purported issuer, or a person providing money, goods, property, services or anything else of value, or any other person, counterfeits a purported credit card or debit card or possesses a purported credit card or debit card with knowledge that the card has been counterfeited, is guilty of a Class 3 felony. The possession by a person other than the purported issuer of 2 or more credit cards or debit cards which have been counterfeited is prima facie evidence that the person intended to defraud or that he knew the credit cards or debit cards to have been so counterfeited." 720 ILCS 250/16 (West 2002).

■ The constitutionality of a statute is subject to *de novo* review (*People v. Malchow*, 193 Ill. 2d 413, 418 (2000)) and may be raised for the first time on appeal (*People v. Wooters*, 188 Ill. 2d 500, 510 (1999)). Statutes carry a strong presumption of constitutionality, and the challenging party bears the burden of rebutting that presumption. *People v. Maness*, 191 Ill. 2d 478, 483 (2000). This court has a duty to interpret a statute in a manner that upholds its validity and constitutionality if it can be reasonably done. *People v. Fisher*, 184 Ill. 2d 441, 448 (1998).

■ A presumption is a legal device that either permits or requires the fact finder to assume the existence of an ultimate fact, after certain predicate or basic facts have been established. *People v. Pomykala*, 203 Ill. 2d 198, 203 (2003), citing *People v. Watts*, 181 Ill. 2d 133, 141 (1998). Although due process requires that the State prove a criminal defendant guilty of every element of an offense beyond a reasonable doubt (*In re Winship*, 397 U.S. 358, 364, 25 L. Ed. 2d 368, 375, 90 S. Ct. 1068, 1073 (1970)), the State may, in some instances, rely upon presumptions and inferences (*Pomykala*, 203 Ill. 2d at 203). However, these presumptions cannot relieve the State of its burden to prove each element of the offense beyond a reasonable doubt. *Sandstrom v. Montana*, 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450 (1979).

■ Presumptions are classified as either permissive or mandatory. *Pomykala*, 203 Ill. 2d at 203. A permissive presumption allows, but does not require, the fact finder to infer the existence of an ultimate or presumed fact upon proof of the predicate fact, without placing any burden on the defendant. *Watts*, 181 Ill. 2d at 142, citing *County Court v. Allen*, 442 U.S. 140, 157, 60 L. Ed. 2d 777, 792, 99 S. Ct. 2213, 2224 (1979). A mandatory presumption, on the other hand, requires the fact finder to accept the proffered presumption. *Pomykala*, 203 Ill. 2d at 203. A mandatory presumption may be conclusive, *i.e.*, irrebuttable, or it may be rebuttable. *Pomykala*, 203 Ill. 2d at 203. Both types, however, are *per se* unconstitutional. *Pomykala*, 203 Ill. 2d at 203-04.

In the present case, defendant argues that the second sentence of section 16 creates a mandatory presumption of intent to defraud based solely on the possession of two or more counterfeit credit cards. The State counters that the second sentence is a permissive presumption because there is no restraint on the fact finder's ability to accept or reject the presumption and because the facts giving rise to the presumption are only evidence of the intent to defraud to be considered with the other evidence presented on the issue of intent. The *Pomykala* court rejected this type of argument, and we shall also. See *Pomykala*, 203 Ill. 2d at 207-08.

In *Pomykala*, the defendant was convicted of reckless homicide

after his car hit an oncoming vehicle while he was under the influence of alcohol. The trial court gave a nonpattern instruction to the jury based on section 9—3(b) of the Criminal Code of 1961 (720 ILCS 5/9—3(b) (West 2000)) indicating that, if it found that the defendant was under the influence of alcohol at the time of the incident, this created a presumption of recklessness unless disproved by contrary evidence. The statute provided:

> "In cases involving reckless homicide, being under the influence of alcohol or any other drug or drugs at the time of the alleged violation shall be presumed to be evidence of a reckless act unless disproved by evidence to the contrary." 720 ILCS 5/9—3(b) (West 2000).

Our supreme court also recognized the prior version of the statute:

> "In cases involving reckless homicide, being under the influence of alcohol or any other drug or drugs at the time of the alleged violation shall be *prima facie* evidence of a reckless act." Ill. Rev. Stat. 1991, ch. 38, par. 9—3(b).

It noted that, in amending the statute, the legislature excised *"prima facie"* from the prior version of the statute and incorporated the definition of *"prima facie"* in its stead. *Pomykala*, 203 Ill. 2d at 204. The *Pomykala* court found a prohibited mandatory presumption because the language, that is, the definition of *"prima facie,"* compelled "a finding of recklessness without any factual connection between the intoxication and the reckless act, unless this presumed connection is disproved." *Pomykala*, 203 Ill. 2d at 208.

 █ In light of this authority, we turn to the statute at issue in this case. The primary rule of statutory construction is to give effect to the intent of the legislature. *Pomykala*, 203 Ill. 2d at 207, citing *People v. Feder*, 179 Ill. 2d 173, 177 (1997). In doing so, we look to the language used in the statute itself, which must be given its plain and ordinary meaning. *Pomykala*, 203 Ill. 2d at 207. On our review of the statutory language at issue here, and in considering our supreme court precedent, we believe the second sentence of section 16 of the Act contains language of a mandatory rebuttable presumption. The phrase *"prima facie"* is defined as "a fact presumed to be true unless disproved by some evidence to the contrary." Black's Law Dictionary 1189 (6th ed. 1990). Pursuant to *Pomykala*, the statute must be read from the perspective of a reasonable juror and not with the legal expertise of judges and lawyers. *Pomykala*, 203 Ill. 2d at 208. We note that the language from the definition of *"prima facie,"* "unless disproved by some evidence to the contrary," was interpreted by the *Pomykala* court as requiring the defendant to rebut the presumption. See *Pomykala*, 203 Ill. 2d at 208. Consistent with the *Pomykala*

analysis, if a statute incorporating the definition of *"prima facie"* to establish an element of a criminal offense creates a prohibited mandatory presumption, then a statute that uses the object of the definition, that is, *"prima facie,"* to establish an element is similarly prohibitive. See *Pomykala,* 203 Ill. 2d at 204-09.

In the present case, the State was required to prove that defendant, with the intent to defraud, counterfeited a purported credit card or possessed a purported credit card knowing that the card had been counterfeited. Section 2.07 of the Act provides that "intent to defraud" means "an intention to wrongfully cause another to assume, create, transfer, alter or terminate any right, obligation or power with reference to any person or property." 720 ILCS 250/2.07 (West 2002). Our review of the record, including the State's closing argument and the trial court's remarks, reveals that defendant's intent to defraud was established only by the State's evidence showing that defendant possessed six counterfeit credit cards. As a result, the State was effectively relieved of its burden of proving defendant's intent to defraud beyond a reasonable doubt. When the State rested, therefore, the burden clearly shifted to defendant to prove, for example, that she was merely holding the bag and had no knowledge of its contents or intent to defraud any person or credit card issuer. See *Pomykala,* 203 Ill. 2d at 208. The placement of such an evidentiary burden on a defendant is always unconstitutional. *Watts,* 181 Ill. 2d at 147. Accordingly, we hold that the second sentence of section 16 of the Act creates an unconstitutional mandatory presumption of intent to defraud.

We must next consider whether the second sentence of section 16 of the Act may be severed from the remainder of the statute. Section 16 does not contain a specific severability provision. However, under the general severability statute (see 5 ILCS 70/1.31 (West 2002)), severability may be appropriate if the remainder of the statute is complete in itself and is capable of being executed wholly independently of the severed portion. *Pomykala,* 203 Ill. 2d at 209. The first sentence of section 16 of the Act sets out all of the elements of the offense of possession of a counterfeit credit card and its penalty. The excision of the second sentence does not impair the meaning or operation of the remainder of the statute, because the second sentence operates only to ease the State's burden of proof. See *Watts,* 181 Ill. 2d at 150-51. We therefore conclude that the second sentence of section 16 of the Act may be severed from the remainder of the statute.

Although our disposition of this issue makes it unnecessary for us to consider defendant's other contention regarding the proportionality of her sentence, we do briefly assess whether, after reviewing the record in the light most favorable to the State, the evidence was suf-

ficient to prove defendant guilty of the offense of possession of a counterfeit credit card. See *People v. Taylor*, 76 Ill. 2d 289, 309 (1979) (holding that the double jeopardy clause precludes a second trial giving the State another opportunity to offer evidence not presented in the first trial). Having reviewed the record here in the light most favorable to the State, we conclude that a rational trier of fact could have found the essential elements of the offense of possession of a counterfeit credit card beyond a reasonable doubt. This conclusion does not imply that we have made a finding as to defendant's guilt that would be binding on the court on retrial. See *Taylor*, 76 Ill. 2d at 310.

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed and the cause is remanded to the circuit court for a new trial.

Reversed and remanded.

BYRNE and GILLERAN JOHNSON, JJ., concur.