THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER JORDAN, Defendant-Appellant.

First District (3rd Division)   No. 1—03—2135

Opinion filed December 8, 2004.

Michael J. Pelletier and Kathleen M. Flynn, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Margaret J. Campos, and Michelle L. Feola, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE KARNEZIS delivered the opinion of the court:

Following a bench trial, the court convicted defendant Christopher Jordan of endangering the life and health of a child in violation of section 12—21.6 of the Criminal Code of 1961 (the Code) (720 ILCS 5/12—21.6 (West 2002)). Defendant appeals his conviction, arguing that (1) the State failed to meet its burden of proving that the child's life or health was endangered by defendant's actions and (2) the child endangerment statute under which he was convicted is unconstitutional. We reverse.

BACKGROUND

Shortly after 2 p.m. on February 5, 2003, defendant drove to Truman College to pick up a textbook at the college bookstore. His five-month-old daughter Dominique was in an infant car seat on the backseat of defendant's car. Given that Dominique was sleeping, defendant left Dominique in the car while he went into the college to pick up the book. The bookstore was closed when he got there, so he returned to his car, where he saw fire trucks and police cars surrounding it. In response to a call from college security, the fire department had

removed Dominique from the car. Defendant was placed under arrest after identifying himself as her father. He was charged with endangering the life or health of a child and elected to proceed to a bench trial.

Ruben Tate, supervisor of security of Truman College, testified that he was approached by a woman who stated that she saw an infant alone in a car. He found the car at the rear of the parking lot after approximately 10 minutes of searching. The infant was crying. Tate could not get into the car because the doors were locked and the windows were shut, so he had his staff call the fire department. The fire department arrived approximately 10 minutes after he placed the call, and two police cars arrived 10 minutes after that. The fire department got the car open and removed the infant. She was taken to an ambulance and her vital signs were checked. Tate stated that it was 30 minutes or more between the time he arrived at the car and the time the fire department removed the infant. The temperature was below freezing. The infant was dressed in a winter coat, with a hood and gloves, and was covered in a blanket. There was a full bottle in the car.

Officer Robert Hightower testified that he received a call at approximately 2:30 p.m. about a child left alone in a motor vehicle. He arrived at the scene at approximately 2:45 p.m. and found the fire department already there. It took the fire department six to eight minutes to get the infant from the car after Officer Hightower arrived. It was so cold that you could see your breath in the air. Shortly after the infant was moved to the ambulance, defendant approached and identified himself as her father and said he had only been away from the car for five minutes. Officer Hightower stated that he had been there at least 12 minutes prior to defendant's arrival.

Defendant testified that he was gone from the car for approximately six minutes, three minutes to walk to the bookstore and three minutes to return. When defendant arrived at the school, Dominique was asleep. Defendant decided to leave Dominique in the car because it was windy outside. He stated that it was not cold outside and that she was dressed "overly warm," in a full bodysuit with a hood, gloves and feet, and she was covered with a thick wool blanket. He had parked approximately one-half mile from the door of the school.

At the commencement of its closing argument, the State presented the court with a copy of section 12—21.6(b) of the Code, which states that "[t]here is a rebuttable presumption that a person committed the offense if he or she left a child 6 years of age or younger unattended in a motor vehicle for more than 10 minutes." 720 ILCS 5/12—21.6(b) (West 2002). The court found defendant guilty of endangering the life

and health of a child and sentenced him to three months' court supervision. Defendant timely appeals.

## ANALYSIS

Defendant contends that section 12—21.6(b) of the child endangerment statute (720 ILCS 5/12—21.6(b) (West 2002)) is unconstitutional and violates the due process clause of the fourteenth amendment to the United States Constitution (U.S. Const., amend. XIV) because it contains a mandatory presumption that relieves the State of its burden to prove the element of intent beyond a reasonable doubt.

■ Section 12—21.6 reads:

"(a) It is unlawful for any person to willfully cause or permit the life or health of a child under the age of 18 to be endangered or to willfully cause or permit a child to be placed in circumstances that endanger the child's life or health, except that it is not unlawful for a person to relinquish a child in accordance with the Abandoned Newborn Infant Protection Act.

(b) There is a rebuttable presumption that a person committed the offense if he or she left a child 6 years of age or younger unattended in a motor vehicle for more than 10 minutes." 720 ILCS 5/12—21.6(a), (b) (West 2002).

■ The constitutionality of a statute is subject to *de novo* review. *People v. Malchow*, 193 Ill. 2d 413, 418, 739 N.E.2d 433 (2000). Statutes carry a strong presumption of constitutionality and the party challenging the statute bears the burden of rebutting that presumption. *People v. Maness*, 191 Ill. 2d 478, 483, 732 N.E.2d 545 (2000). This court has a duty to interpret a statute in a manner that upholds its validity and constitutionality if it can be reasonably done. *People v. Fisher*, 184 Ill. 2d 441, 448, 705 N.E.2d 67 (1998).

■ The due process clause of the fourteenth amendment of the United States Constitution requires the State to prove every element of a crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316, 61 L. Ed. 2d 560, 571, 99 S. Ct. 2781, 2787 (1979). The State may, in certain circumstances, rely on presumptions and inferences in establishing a defendant's guilt. *County Court v. Allen*, 442 U.S. 140, 156, 60 L. Ed. 2d 777, 791, 99 S. Ct. 2213, 2224 (1979). A presumption is a legal device that either permits or requires the fact finder to assume the existence of an ultimate fact, after basic or predicate facts have been established. *People v. Pomykala*, 203 Ill. 2d 198, 203, 784 N.E.2d 784, 787 (2003). Presumptions may be permissive or mandatory. *People v. Watts*, 181 Ill. 2d 133, 142, 692 N.E.2d 315 (1998). Mandatory presumptions may be further classified as rebuttable or irrebuttable. *Pomykala*, 203 Ill. 2d at 203, 784 N.E.2d at 787. A permissive presumption is one where the fact finder is free to infer the exist-

ence of the ultimate or presumed fact upon proof of the predicate fact. *Pomykala*, 203 Ill. 2d at 203, 784 N.E.2d at 787. A mandatory presumption is one in which the fact finder is required to accept the presumption. *Watts*, 181 Ill. 2d at 142.

■ The United States Supreme Court has held that mandatory conclusive presumptions do not pass constitutional muster because such presumptions directly conflict with the presumption of innocence. *Sandstrom v. Montana*, 442 U.S. 510, 523, 61 L. Ed. 2d 39, 50, 99 S. Ct. 2450, 2459 (1979). Likewise, the Supreme Court has held that mandatory rebuttable presumptions that shift the burden of persuasion to the defendant are *per se* unconstitutional as they alleviate the State's burden to prove every element of a crime beyond a reasonable doubt. *Sandstrom*, 442 U.S. at 524, 61 L. Ed. 2d at 51, 99 S. Ct. at 2459. Our supreme court has subsequently held that mandatory rebuttable presumptions that shift the burden of production to the defendant are also unconstitutional. *Watts*, 181 Ill. 2d at 147. Consequently, under Illinois law, all mandatory presumptions are now considered to be *per se* unconstitutional. *Pomykala*, 203 Ill. App. 3d at 204, 784 N.E.2d at 788.

In the case *sub judice*, defendant argues that section 12—21.6(b) creates an unconstitutional mandatory rebuttable presumption of willful child endangerment based solely on the fact that a child under 6 years of age was left unattended in a motor vehicle for more than 10 minutes. 720 ILCS 5/12—21.6(b) (West 2002). The State counters that section 12—21.6(b) is a permissive presumption and relies on *People v. Pomykala*, 203 Ill. 2d 198, 784 N.E.2d 784 (2003).

In *Pomykala*, the defendant was convicted of reckless homicide after his vehicle hit an oncoming vehicle while he was driving under the influence of alcohol. A nonpattern jury instruction was given based on section 9—3(b) of the Code (720 ILCS 5/9—3(b) (West 2000)). The instruction stated that if the jury found that the defendant was operating his vehicle under the influence of alcohol at the time of the accident, it was to presume that the defendant acted recklessly unless disproved by contrary evidence. *Pomykala*, 203 Ill. 2d at 202, 784 N.E.2d at 787. The statute provided:

> " 'In cases involving reckless homicide, being under the influence of alcohol or any other drug or drugs at the time of the alleged violation shall be presumed to be evidence of a reckless act unless disproved by evidence to the contrary.' " *Pomykala*, 203 Ill. 2d at 202, 784 N.E.2d at 787, quoting 720 ILCS 5/9—3(b) (West 2000).

The defendant argued on appeal that section 9—3(b) created a mandatory presumption that violated his right to due process.

In resolving the defendant's challenge to the constitutionality of

section 9—3(b), our supreme court looked at a prior version of section 9—3(b), which read:

" 'In cases involving reckless homicide, being under the influence of alcohol or any other drug or drugs at the time of the alleged violation shall be prima facie evidence of a reckless act.' " *Pomykala*, 203 Ill. 2d at 204, 784 N.E.2d at 788, quoting Ill. Rev. Stat. 1991, ch. 38, par. 9—3(b).

The court noted that, in amending the statute, the legislature left out the term *"prima facie"* and instead incorporated the definition of *"prima facie."* The court went on to find that section 9—3(b), as amended, contained an unconstitutional mandatory presumption because the definition of *"prima facie"* as included necessitated "a finding of recklessness without any factual connection between the intoxication and the reckless act, unless this presumed connection is disproved." *Pomykala*, 203 Ill. 2d at 208, 784 N.E.2d at 790.

The State argues that unlike *Pomykala*, the statute in question here does not contain the phrase "shall be presumed." In the absence of the phrase "shall be presumed," the presumption allows for, but does not require, the fact finder to make the inference and, therefore, the statute is permissive on its face.

The primary rule of statutory construction is to give effect to the intent of the legislature. *Pomykala*, 203 Ill. 2d at 207, 784 N.E.2d at 790. In doing so, we must look to the language used in the statute itself and give it its plain and ordinary meaning. *Pomykala*, 203 Ill. 2d at 207, 784 N.E.2d at 790.

■ The State correctly asserts that the statute in question here does not incorporate the term "shall be presumed." Rather, the statute contains the language, "[t]here is a rebuttable presumption." 720 ILCS 5/12—21.6(b) (West 2002). "There is" without qualifying language establishes the existence of the presumption and indicates that the presumption is to be applied without any leeway for individual discretion. Furthermore, the phrase "rebuttable presumption" is defined as "[a]n inference drawn from certain facts that establish a prima facie case, which may be overcome by the introduction of contrary evidence." Black's Law Dictionary 1205 (7th ed. 1999). Our supreme court in *Pomykala* interpreted the language from the definition of *"prima facie"* " 'unless disproved by some evidence to the contrary' " as requiring the defendant to rebut the presumption. *Pomykala*, 203 Ill. 2d at 208, 784 N.E.2d at 790. Similarly here, a *"prima facie"* case would be established upon the showing that a defendant left a child under the age of 6 in a vehicle unattended for more than 10 minutes, which the defendant then would be required to rebut. Looking at the language of the statute itself and giving it its plain and

ordinary meaning (*Pomykala*, 203 Ill. 2d at 207, 784 N.E.2d at 790), we believe that section 12—21.6(b) contains language of an impermissible mandatory rebuttable presumption and is therefore unconstitutional.

We must next consider whether section 12—21.6(b) of the Code (720 ILCS 5/12—21.6(b) (West 2002)) may be severed from the remainder of the child endangerment statute. We note that there is no specific severability provision applicable to this statute. However, we may sever a statute if what remains is complete in itself and is able to be executed wholly independent of the severed portion. *Pomykala*, 203 Ill. 2d at 209, 784 N.E.2d at 791. Section 12—21.6(a) sets out all of the elements of the offense of endangering the life or health of a child. 720 ILCS 5/12—21.6(a) (West 2002). The excision of subsection (b) does not impair the meaning or the operation of subsection (a) because subsection (b) merely operates to ease the State's burden of proof. Consequently, we conclude that subsection (b) may be severed from the remainder of the statute.

■ Defendant contends that should we find the presumption contained in the statute to be unconstitutional and the unconstitutional provision to be severable, we must reverse his conviction outright because the State did not meet its burden of showing that he willfully caused or permitted his child's life or health to be endangered as required by subsection (a).

When presented with a challenge to the sufficiency of the evidence, we must determine, after viewing the evidence in the light most favorable to the State, if any rational trier of fact could have found the essential elements beyond a reasonable doubt. *People v. Schott*, 145 Ill. 2d 188, 203, 582 N.E.2d 690 (1991).

As previously discussed, subsection (a) states:

"(a) It is unlawful for any person to willfully cause or permit the life or health of a child under the age of 18 to be endangered or to willfully cause or permit a child to be placed in circumstances that endanger the child's life or health, except that it is not unlawful for a person to relinquish a child in accordance with the Abandoned Newborn Infant Protection Act." 720 ILCS 5/12—21.6(a) (West 2002).

Actual injury is not required to convict under subsection (a). *People v. Wilkenson*, 262 Ill. App. 3d 869, 874, 635 N.E.2d 463, 467 (1994). To convict for endangering the life of a child, "the person caring for the child must wilfully cause that child's life to be placed in danger of probable harm." *Wilkenson*, 262 Ill. App. 3d at 874, 635 N.E.2d at 467. In other words, endangering the life of a child involves "placing the child's life into danger of probable physical or mental damage." *Wilkenson*, 262 Ill. App. 3d at 874, 635 N.E.2d at 467.

Our review of the record in the instant case reveals that the State essentially proved, through the testimony of Ruben Tate and Officer Hightower, that: (1) defendant's daughter Dominique was five months old; (2) defendant left Dominique in the car for approximately 35 to 40 minutes unattended; (3) Dominique was dressed warmly in a snowsuit with a hood and gloves and feet and was covered in a thick wool blanket; and (4) the temperature outside the vehicle was slightly below freezing. Having found subsection (b) to be unconstitutional, we do not believe that the evidence offered by the State in this case is sufficient to convict defendant of endangering the life of a child under subsection (a).

There was testimony that an ambulance was called to the scene after Dominique was discovered. Her vital signs were checked. However, there was no testimony that Dominique suffered probable physical or mental damage as a result of being left in the vehicle. Likewise, there was no testimony regarding the internal temperature of the vehicle which may have been conclusive evidence that defendant placed Dominique in circumstances that endangered her life or health. Accordingly, we find that the State failed to meet its burden of proof in this case. We therefore reverse the judgment of the trial court.

Reversed.

HARTMAN and HOFFMAN, JJ., concur.